# UNITED STATES DISTRICT COURT

for the

Western District of New York

____BUFFALO___ Division

| | | |
|---|---|---|
| JOSEPH MCCRAY<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>**-v-**<br>COMMISSIONER, MARC COPPOLA; COMISSIONER, CHARLES DAVIS; COMMISSIONER, CARYNE DEMOSTHENES<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Case No. 24-CV-1218<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☑ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | JOSEPH MCCRAY |
| Street Address | 919 WALNUT AVENUE |
| City and County | NIAGARA FALLS |
| State and Zip Code | NEW YORK 14301 |
| Telephone Number | (716) 8042351 |
| E-mail Address | mccrayjoseph94@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | COMMISSIONER, MARCO COPPOLA |
| Job or Title *(if known)* | PAROLE COMMISSIONER |
| Street Address | 1220 WASHINGTON AVENUE |
| City and County | ALBANY / THE CAPITOL |
| State and Zip Code | NEW YORK, 12224 |
| Telephone Number | UNKNOWN |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 2

| | |
|---|---|
| Name | COMMISSIONER, CHARLES DAVIS |
| Job or Title *(if known)* | PAROLE COMMISSIONER |
| Street Address | 1220 WASHINGTON AVENUE |
| City and County | ALBANY , / THE CAPITOL |
| State and Zip Code | NEW YORK 12224 |
| Telephone Number | UNKNOWN |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 3

| | |
|---|---|
| Name | COMMISSIONER, CARYNE DEMOSTHENES |
| Job or Title *(if known)* | PAROLE COMMISSIONER |
| Street Address | 1220 WASHINGTON |
| City and County | ALBANY / THE CAPITOL |
| State and Zip Code | NEW YORK 12224 |
| Telephone Number | NA |
| E-mail Address *(if known)* | NA |

Defendant No. 4

| | |
|---|---|
| Name | NONE |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

THE PLAINTIFF WAS SUBJECT TO A DEFACTO PAROLE BOARD THAT CONSPIRED TO UNLAWLLY DETAIN HIM, IN VIOLATION OF THE 5TH, 8TH, AND THE 14TH, AMENDMENT OF THE UNITED STATES DUE PROCESS CLAUSE .PLAINTIFF BRINGS THIS LAWSUIT PURSUANT TO 42 USC, 1983. THIS COURT HAS JURISDICTION UNDER 28 U,S,C, 1331 & 1343

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* JOSEPH MCCRAY, is a citizen of the State of *(name)* NEW YORK.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ____________, is incorporated under the laws of the State of *(name)* ____________, and has its principal place of business in the State of *(name)* ____________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ALL THE DEFENDANT'S, is a citizen of the State of *(name)* NEW YORK. Or is a citizen of *(foreign nation)* ____________.

b. If the defendant is a corporation

The defendant, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

Or is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

100,000 ONE HUNDRED THOUSAND

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

THE PLAINTIFF APPEARED BEFORE AN ILLEGAL UNAUTHORIZED PAROLE BOARD , AND THE PLAINTIFF INFORMED THE PAROLE BOARD THE THERE WAS NO EXECUTION OF A JUDGEMENT SEE EXHIBIT A. THAT THE PAROLE BOARD HAS NO AUTHORITY WITHOUT A MANDATE OF THE COURT. THE PAROLE ACKNOWLEDGED THAT THEY WERE NOT IN POSITION OF THE COURT MANDATE. SEE TRANSCRIPTS OF PAROLE BOARD. THE PAROLE BOARD CONCEDED TO THE ISSUE BUT INSTEAD OF INTERVENING, THEY GAVE THE PLAINTIFF AN ADDITIONAL 18 MONTHS IN PRISON.. SEE EXHIBIT B. THE PLAINTIFF FILE AN APPEAL WHERE THEY ALLEGEDLY LOCATED THE TRANSCRIPTS EXHIBIT C

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

THE PLAINTIFF CONSTITUTIONAL RIGHT TO NOTICE AND OPPORTUNITY TO BE HEARD WAS VIOLATED. THE PLAINTIFF WAS SUBJECT TO A PRETENSE OF A PAROLE BAORD, WHICH VIOLATED HIS CONSTITUTIONAL RIGHTS UNDER THE 5TH, AND 14TH, AMEND U.S. CONT. THE PLAINTIFF WAS FURTHER ILLEGALLY DETAINED , BECAUSE THERE WAS NO SENTENCE OF THE COURT AND WAS HELD IN VIOLATION OF THE 8TH, AMENDMENT OF THE UNITED STATES CONSTITUTIONAL. THE DEFENDANT'S TOTALLY DISREGARDED THE PLAINTIFF OBJECTION TO THE ILLEGALLY PROCEEDINGS THE PLAINTIFF SERVED THE ADDITION TIME AND THE NEXT PAROLE BOARD ADMITTED, AGAIN THAT

THE 14TH, AMENDMENT OF THE DUE PROCEEDS CLAUSE REQUIRE AN ELEMENT OF FAINESS. HOWEVER THIS PAROLE BOARD WAS NOT PURSUANT TO 259i, THERE WAS NO RULE OF LAW BEING IMPLEMENTED. THE RECORD OF THE PROCEEDINGS DEMONSTRATED THAT THE PLAINTIFF SEEK THE INTERVENTION OF STATE EMPLOYEE, BUT THEY ABUSE THEIR AUTHORITY UNDER THE COLOR OF LAW. EACH PAROLE OFFICE WERE EQUALLY AT FAULT AND WITH MALIOUS INTENT THEY AGREED AND CONSPIRED TO HAVE THE PLAINTIFF ILLEGALLY STAY IN PRISON WITHOUT THE MANDATED OF THE COURT. SEE EXHIBIT C.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/29/2024

Signature of Plaintiff [signature]

Printed Name of Plaintiff JOSEPH MCCRAY

### B. For Attorneys

Date of signing:

Signature of Attorney NA

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# EXHIBIT A.

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**ORLEANS CORRECTIONAL FACILITY**

# MEMORANDUM

TO: McCray, Joseph DIN: 17A1509 LOC: C2-38B DATE: 3/20/23

FROM: OA2 Hughes SUBJECT: FOIL ACKNOWLEDGEMENT FOIL LOG #: ORL-23-054

DATE RECEIVED: 3/20/23

✓ Your request for record(s) has been forwarded to ORC Henry to determine record availability. You may expect a response within 20 days of the date of this letter unless otherwise notified in writing.

____ Requested record(s) have been located. In order to proceed with your request, you will need to provide a disbursement form (#2706) for $ ____ for ____ pages to the **Attention of the FOIL Officer**. Reference should be made to the FOIL Log # on disbursement form. Copying cost is $.25/page. Current Departmental Policy does **NOT** authorize the advancement of funds to fulfill a FOIL request.

____ The requested record(s) do not exist. FOIL guidelines do not require that a record(s) be created to satisfy a request.

____ Your request is denied or redacted pursuant to:

| | | |
|---|---|---|
| ____ | POL §(2)(a): | Records are specifically exempt from disclosure by state or federal statute |
| ____ | POL §(2)(b): | If disclosed, would constitute an invasion of personal privacy |
| ____ | POL §(2)(c): | If disclosed, would impair present or imminent contract awards |
| ____ | POL §(2)(d): | If disclosed, would cause substantial injury to the competitive position of the enterprise |
| ____ | POL §(2)(e): | If disclosed, would interfere with law enforcement investigation |
| ____ | POL §(2)(f): | If disclosed, could endanger the life or safety of any person |
| ____ | POL §(2)(g): | Where records are inter-agency or intra-agency materials which are not statistical or factual tabulations, or external audits |
| ____ | POL §(2)(i): | If disclosed, would jeopardize the capacity of an agencies electronic information system or infrastructure |
| ____ | POL §(95)(6)(c): | Incarcerated Individual records that are evaluative in nature |

____ Request for Medical Record(s) are to be directed to the Nurse Administrator. Your request has been forwarded to their attention.

____ Requests for Mental Health Record(s) are to be directed to Central New York Psychiatric Center; PO Box 300, Marcy NY 13403-0300.

____ RAP sheets are exempt from disclosure. Refer to Executive Law §837 (8) and 9 NYCRR 6051.1. You may request a copy from the Division of Criminal Justices Services; Records Retention Unit; 80 South Swan Street, Albany, New York 12210. Transitional Services may also assist you in obtaining a copy of your RAP Sheet.

____ Pre-Sentence Reports are exempt from release with the following exception. In accordance with CPL §390.50, the Court shall make a copy of the presentence report available to an offender if **ONE** of following criteria applies. (1) Must have a Parole Board release interview scheduled to occur within the next six months; or (2) Filed or intends to file an administrative appeal of the most recent denial of parole. Requests must be directed to your assigned Offender Rehabilitation Coordinator for completion of Form #8370CS "Request for County Presentence Report," or "Order Granting the Disclosure of a Presentence Report". Refer to Departmental Directive 8370.

✓ Other: Records not available.

You may appeal any denials or deletions by writing to FOIL Appeals - Office of Counsel, Department of Corrections and Community Supervision, 1220 Washington Ave., Albany, New York 12226. The written appeal must (1) identify the record(s) you have been denied, (2) give date and location of your original request with reference of assigned FOIL Log Number, and (3) give your name and address.

CC: FOIL File

Revised: 10/16/2018

foil-req

RL030 (06/22)

# EXHIBIT B.

NYS DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

BOARD OF PAROLE

************************************************************

PAROLE BOARD INTERVIEW

In the Matter of

**JOSEPH MCCRAY**

DIN NO. 17A1509

NYSID NO. 04488952N

************************************************************

TYPE OF INTERVIEW: OR EARLIER/INITIAL

LOCATION: Orleans Correctional Facility (Video-conferenced to Buffalo Area Office, 460 Main Street, Buffalo, New York 14202)

DATE: September 6, 2022

DECISION DATE: September 6, 2022

BEFORE: COMMISSIONER MARC COPPOLA
COMMISSIONER CHARLES DAVIS
COMMISSIONER CARYNE DEMOSTHENES

AT FACILITY: A.THOMAS, SORC

HEARING REPORTER: Brittany M. Whelan

EXAMINATION BY COMMISSIONER DEMOSTHENES:

Q Good evening, sir.

A Good evening.

Q Could you please state your name for the record?

A Joseph McCray.

Q Mr. McCray, I am Commissioner Demosthenes and joining me today are Commissioners Coppola and Davis.

COMMISSIONER COPPOLA: Hello, sir.

COMMISSIONER DAVIS: Hello.

Q Mr. McCray, you are currently serving a seven and a half to 15?

A Well, that's what I wanted to ask you.

Q I'm reading your record, sir. Let me put this into the record, sir, and then we will talk okay. For grand larceny not auto second, two counts, by verdict in Kings County and criminal possession of forged instrument second by verdict in Kings County. Offer false instrument filing first by verdict in Kings County and falsifying business record first by verdict in Kings County, correct?

A I'm not sure of that.

Q Being that it was by verdict, are there any appeals pending?

A Yes.

Q Are there any appeals pending, sir?

A There's a federal writ pending.

Q Are you ready to proceed today, sir?

A Yes, I'll proceed. I would like to make an objection for the record.
Q We would like to bring to your attention we have a court reporter on this end taking down everything being said and it will be a permanent part of your record and can be used at future proceedings, okay?
A Okay.
Q Sir, in terms of the instant offense, it is as follows: It says here that you filed a court order stating that you were the sole owner of a property in Brooklyn, New York and that you transferred the title of said property from the true owner to yourself. You sold the property to a third-party. The record goes on to state that the court order of the deed representing the transfer of title to buyer of the property along with other routine mortgage deeds and other real property claims were filed and were recorded by the Officer of Registry.
Then it goes on to state that in 2003 you were a non-paying renter at the property and filed a deed that listed yourself as the sole owner. In 2009 you commenced civil litigation claiming ownership of said property which was dismissed by a court.
In January of 2015 you filed a court order in Kings County which stated that you were the sole owner of said property. In March of 2015, you contracted to sell such

property to a business entity for approximately $500,000. In May of 2015, at the purchaser's attorney's Brooklyn office, a closing occurred and then you were given a check for $240,000 towards the $500,000 sale price.

On July 27th of 2015, you returned to collect an additional $16,000 which was held in escrow. Subsequently you were arrested. Would you like to comment, sir?

A I would like to make objections to the record, first, please. First, I would -- you say that I've been sentenced to seven years. How did you arrive at that conclusion? What record?

Q Sir, I believe that you were present, correct, during sentencing?

A No, I was not. I was not sentenced. This is a case of corruption. This is a case of corruption.

Q That's why you're appealing it, right?

A Yes.

Q So let's move on then.

A I just need to make additional objections for the record. For instance, I have an impact statement from the DA that provides information that says that I was convicted of the same crime pertaining to the same house. That is not correct. I would also like to object to the fact that I haven't been sentenced. I didn't have a PSI. There was no report. I adjourned this to give the opportunity for these

things to be located. It verifies my particulars that I'm being illegally detained.
Q Basically I did notice that there was a postponement, correct?
A Yes.
Q Regarding the fact that you stated that the PSI has false information.
A Yes.
Q What information are you objecting to?
A It says that I used drugs and that I --
Q And you never used drugs? You never used drugs in your life?
A Say that again? That's not what the report says. The issue is that I've never had a presentence investigation or report. That would be verified by the sentence transcripts, but it doesn't want to be --
Q I'm going postpone your case. Your PE is not until December so you have plenty of time to get whatever information that you need. How much time do you need?
A I don't need time. There's no such reports.
Q Therefore I have to rely on what is before me here and make a informative decision.
A I'm making my record, though, and my objections.
Q Okay. You're objecting. I got it. According to the record, in terms of the PSI that you mentioned, it says here

that you used alcohol and you used cocaine. That was in the past, a very long time ago.
A That was a false record as well.

(A recess was then taken.)

Q Mr. McCray, quick question, do you know a Veronica Cadore?
A Yes.
Q Who is she?
A She is a sponsor for New York City. She makes no claim. She admits -- again, I was arrested by the direction of --
Q Just a simple question, sir, do you know this person?
A Yes. She is a sponsor for the City. I was not arrested by her. That's a false theory. I was arrested by Judge Lewis. I filed a complaint who resigned rather than being investigated for filing --
Q Okay, sir. You mentioned the fact that you're appealing. That's another matter, correct? I will move on with what is before me here. You're proposing to live with your mother Irene if released in Niagara Falls?
A That's correct.
Q And you are disabled, correct? Would you be applying for SSD or SSI?
A Not at this time.
Q No, once you're in the community?

A Well, the $240,000 they allege that I stole, I'm in possession of that. There's been no restitution or lawsuit. The insurance company made no claim.
Q Mental health -- your mental health level is a 6. Were there any instances in which you required a mental health intervention?
A No.
Q Okay. Very good. Looking at the one domestic incident report regarding your mother, that expired in 2015.
In terms of your record here, this is your third term of confinement from what I see here. You were adjudicated for robbery, sentenced to probation in the past. Beyond that, let's see. You have one Tier II ticket that occurred in 2018. It's been a long time, right?
A Yes.
Q And what about programs?
A Well --
Q There were no need for programs except for Phase 1?
A No. I haven't been participating in programs due to the coronavirus. I actually refused programming back in October because I was afraid.
Q Okay. You're refusing work due to medical concerns?
A I was afraid to move around.
Q Okay. Are you legally blind, sir?
A Yes, I am.

Q How about COPD?
A Yes.
Q All right. Now, moving onto your risk assessment which is a tool to see what your risk and needs might be in the community. Criminal involvement is a medium, reentry substance abuse is a three from one being the lowest and ten is the highest. Beyond that all of the other categories are low and unlikely.

In terms of your case plan, sir, one of your goals is obtain good work with habits and current work program. Continue working on direct appeal. We wish you well on those endeavors. Use time in a constructive manner. Play chess when able to, maintain physical help, follow medical advice. Very good.

I believe that your sentencing minutes were requested on a couple of occasions, sir, and we do not have the benefit of said sentencing minutes. We will move forward without the benefit of the sentencing minutes. You were denied an EEC from what I see here and I do see that -- is that a copy of your motion here? You're mother didn't write a letter on your behalf?
A I didn't ask her to.
Q When was the last time that you spoke to her?
A A couple of months.
Q Is she doing well?

A Yes, she's well.
Q And you're doing okay, right?
A Yes. Commissioners, any questions.
COMMISSIONER COPPOLA: No questions.
COMMISSIONER DAVIS: I, too, have no questions.
Q Mr. McCray, it's customary for us to notify the judge, DA and defense attorney regarding a possibility of your release. In your case, sir, there is a letter from the DAs office which will be considered. Is there anything that you would like to add that we haven't covered, sir?
A Yes. I think I do point out that I do object to the DA's --
Q Duly noted, sir. We will deliberate and notify you in writing of our decision.
A Thank you. Thanks for your time.

INTERVIEW CONCLUDED

(After due deliberation by the Parole Board Panel, the following Decision was rendered:)

**DECISION**

Denied. Hold 18 months. Next appearance 2/2024.

After review of the record and interview, the panel has determined that if released at this time, your release would be incompatible with the welfare of society and would so deprecate the serious nature of the crime as to undermine respect for the law.

Your instant offense of GL, not auto second (2 counts), criminal possession forged instrument second, offer false instrument filing first, falsified business record first involved your actions of filing a false court order naming you as a sole owner of a property. You then transferred the title of the said property from the true owner to yourself. According to the record, you sold said property and received a check towards the sales price. Once you returned to the attorneys office to collect an additional amount, you were then arrested.

During this interview you admitted to selling said property and keeping the victim's money. The instant offense represents your third term of confinement. Your criminal record reflects prior unlawful conduct involving larcenous behaviors, CPCS, YO adjudication and community supervision

violation.

As to your institutional record, the panel notes your limited efforts towards rehabilitation, completion of Phase 1 and that you refused certain programs due to medical concerns. Your disciplinary record reflects one sanction. We have reviewed and considered the case plan.

The results of your Risk and Needs Assessment and the mixed scores indicated therein with criminal involvement being medium. The panel departs from the COMPAS in the area of arrest risk based on multiple convictions involving larcenous behaviors.

You maintained your innocence by claiming you are the owner of said property. You further stated that you have a pending appeal and objected to the PSI due to false information. You also objected to parts of your file. The panel must rely on the conviction and cannot retry your case.

You were denied an EEC. Documented release plan to include letters of support and reasonable assurance would be beneficial. There is official opposition to your release.

Therefore, based on all required factors, discretionary release at this time is not warranted.

(All Commissioners concur.)

CERTIFICATION

I, Brittany M. Whelan, Court Reporter and Notary Public, in and for the State of New York, do hereby certify that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing, consisting of 11 pages, is a true and correct copy of same and the whole thereof.

Dated: Thursday, September 22nd, 2022

Brittany M Whelan

-------------------------

Brittany M. Whelan, Court Reporter

# EXHIBIT C.

## *APPEALS UNIT FINDINGS & RECOMMENDATION*

**Name:** Mccray, Joseph **DIN:** 17-A-1509

**Facility:** Orleans CF **AC No.:** 09-101-22 B

**Findings:** (Page 1 of 5)

Appellant challenges the September 2022 determination of the Board, denying release and imposing a 18-month hold. Appellant's instant offense is for, over the course of many years, filing false court orders naming him owner of a property, fraudulently transferring title, and then selling the property when he had no legal claim to it. Appellant raises the following issues: 1) the decision is arbitrary and capricious, and irrational bordering on impropriety, in that the Board failed to consider and/or properly weigh the required statutory factors. 2) his prior YO adjudications were not a conviction. 3) the PSI is filled with false information. 4) the Board never had his sentencing minutes. 5) the decision lacks detail. 6) the decision failed to list any facts in support of the statutory standard cited. 7) the decision is based upon personal opinion. 8) the Board failed to comply with the 2011 amendments to the Executive Law in that they failed to follow the evidence based COMPAS.

Executive Law § 259-i(2)(c)(A) requires the Board to consider factors relevant to the specific incarcerated individual, including, but not limited to, the individual's institutional record and criminal behavior. People ex rel. Herbert v. New York State Bd. of Parole, 97 A.D.2d 128, 468 N.Y.S.2d 881 (1st Dept. 1983). While consideration of these factors is mandatory, "the ultimate decision to parole a prisoner is discretionary." Matter of Silmon v. Travis, 95 N.Y.2d 470, 477, 718 N.Y.S.2d 704, 708 (2000). Thus, it is well settled that the weight to be accorded the requisite factors is solely within the Board's discretion. See, e.g., Matter of Delacruz v. Annucci, 122 A.D.3d 1413, 997 N.Y.S.2d 872 (4th Dept. 2014); Matter of Hamilton, 119 A.D.3d at 1271, 990 N.Y.S.2d at 717; Matter of Garcia v. New York State Div. of Parole, 239 A.D.2d 235, 239, 657 N.Y.S.2d 415, 418 (1st Dept. 1997). The Board need not explicitly refer to each factor in its decision, nor give them equal weight. Matter of Schendel v. Stanford, 185 A.D.3d 1365, 1366, 126 N.Y.S.3d 428, 429 (3rd Dept. 2020); Matter of Campbell v. Stanford, 173 A.D.3d 1012, 1015, 105 N.Y.S.3d 461 (2d Dept. 2019); Matter of Phillips v. Dennison, 41 A.D.3d 17, 21, 834 N.Y.S.2d 121, 124 (1st Dept. 2007).

"[T]he serious nature of the crimes for which the [incarcerated individual] was incarcerated and his prior criminal record [ ] are sufficient grounds to deny parole release." Matter of Scott v. Russi, 208 A.D.2d 931, 618 N.Y.S.2d 87 (2d. Dept. 1994); see also Matter of Singh v. Evans, 118 A.D.3d 1209, 987 N.Y.S.2d 271 (3d Dept.), lv. denied, 24 N.Y.3d 906, 995 N.Y.S.2d 715 (2014); Matter of Thurman v. Hodges, 292 A.D.2d 872, 873, 739 N.Y.S.2d 324 (4th Dept.), lv. denied, 98 N.Y.2d 604, 746 N.Y.S.2d 278 (2002); Matter of Wright v. Travis, 284 A.D.2d 544, 727 N.Y.S.2d 630 (2d Dept. 2001).

The Board may place particular emphasis on the appellant's troubling course of conduct both during and after the commission of the instant offenses. Jones v New York State Board of Parole, 175 A.D.3d 1652, 108 N.Y.S.3d 505 (3d Dept. 2019).

## *APPEALS UNIT FINDINGS & RECOMMENDATION*

**Name:** Mccray, Joseph **DIN:** 17-A-1509

**Facility:** Orleans CF **AC No.:** 09-101-22 B

**Findings:** (Page 2 of 5)

---

The Board may consider efforts undertaken to conceal the crime. See Matter of Applegate v. New York State Bd. of Parole, 164 A.D.3d 996, 997, 82 N.Y.S.3d 240 (3d Dept. 2018) (brutal crime involved dumping victim's weighted body in a river); Matter of Hynes v. Stanford, 2017 NY Slip Op 32322(U), 2017 N.Y. Misc. Lexis 4195 (Sup. Ct., Seneca County Nov. 3, 2017) (after drowning girlfriend, incarcerated individual tried to cover up crime by burying her body); Matter of Benjamin v. New York State Bd. of Parole, 2016 N.Y. Slip Op. 31546(U), 2016 N.Y. Misc. Lexis 3008 (Sup Ct. Franklin County Aug. 16, 2016) (Feldstein A.S.C.J.) (after shooting victim in head, incarcerated individual buried her in pig manure, built a deck over her and lived in her home); Matter of Evans v. Dennison, 13 Misc. 3d 1236(A), 1236A, 831 N.Y.S.2d 353, 353 (Sup. Ct., Westchester County 2006) (aggravating factors identified include the imprisonment of the co-defendant's younger sister in an attempt to hide the crime).

After considering the relevant factors, the Board was allowed to place greater emphasis on the incarcerated individual's criminal record including prior failures while under community supervision. See, e.g., Matter of Bello v. Bd. of Parole, 149 A.D.3d 1458, 53 N.Y.S.3d 715 (3d Dept. 2017); Matter of Davis v. Evans, 105 A.D.3d 1305, 963 N.Y.S.2d 485 (3d Dept. 2013); People ex rel. Herbert v. New York State Bd. of Parole, 97 A.D.2d 128, 468 N.Y.S.2d 881, 884 (1st Dept. 1983).

The Board may consider a district attorney's recommendation to deny parole. Matter of Applegate v. New York State Bd. of Parole, 164 A.D.3d 996, 997, 82 N.Y.S.3d 240 (3d Dept. 2018); Matter of Porter v. Alexander, 63 A.D.3d 945, 881 N.Y.S.2d 157 (2d Dept. 2009); Matter of Walker v. Travis, 252 A.D.2d 360, 676 N.Y.S.2d 52 (1st Dept. 1998); Matter of Walker v. New York State Bd. of Parole, 218 A.D.2d 891, 630 N.Y.S.2d 417 (3d Dept. 1995); Matter of Williams v. New York State Bd. of Parole, 220 A.D.2d 753, 633 N.Y.S.2d 182 (2d Dept. 1995); Matter of Confoy v. New York State Div. of Parole, 173 A.D.2d 1014, 569 N.Y.S.2d 846, 847 (3d Dept. 1991); Matter of Lynch v. New York State Div. of Parole, 82 A.D.2d 1012, 442 N.Y.S.2d 179 (3d Dept. 1981).

The Board may consider denial of an EEC. Matter of Grigger v. Goord, 41 A.D.3d 1128, 840 N.Y.S.2d 174 (3d Dept. 2007); see also Matter of Frett v. Coughlin, 156 A.D.2d 779, 550 N.Y.S.2d 61 (3d Dept. 1989) (issuance of EEC is purely discretionary and denial of same amounts to no more than an interlocutory determination which may be considered by the Parole Board).

The Board may consider an incarcerated individual's need to complete rehabilitative programming in denying parole. See Matter of Jones v. N.Y. State Bd. of Parole, 175 A.D.3d 1652, 1652, 108 N.Y.S.3d 505, 506 (3rd Dept. 2019); Matter of Allen v. Stanford, 161 A.D.3d 1503, 1506, 78 N.Y.S.3d 445 (3d Dept.), lv. denied, 32 N.Y.3d 903 (2018); Matter of Barrett v. New York State Div. of Parole, 242 A.D.2d 763, 661 N.Y.S.2d 857 (3d Dept. 1997); see also Matter of Connelly v. New York State Div. of Parole, 286 A.D.2d 792, 729 N.Y.S.2d 808, 809 (3d Dept.), appeal dismissed 97 N.Y.2d 677, 738 N.Y.S.2d 291 (2001).

STATE OF NEW YORK – BOARD OF PAROLE

## *APPEALS UNIT FINDINGS & RECOMMENDATION*

**Name:** Mccray, Joseph **DIN:** 17-A-1509

**Facility:** Orleans CF **AC No.:** 09-101-22 B

**Findings:** (Page 3 of 5)

---

The Board may consider inadequate release plans in denying parole. See, e.g., Matter of Delrosario v. Stanford, 140 A.D.3d 1515, 34 N.Y.S.3d 696 (3d Dept. 2016) (concern about reentry plans in case immigration does not deport incarcerated individual); Matter of Murphy v. State of New York Exec. Dep't Div. of Parole Appeals Unit, 2010 N.Y. Slip Op 32825(U), 2010 N.Y. Misc. Lexis 4926 (Sup. Ct., Albany County Sept. 30, 2010) (Ceresia S.C.J.) (denial based in part on absence of legitimate release plan).

Pursuant to Executive Law sections 259-i(2)(c)(A) and 259-k(1), the Board is required to obtain official reports and may rely on the information contained therein. See, e.g., Matter of Silmon v. Travis, 95 N.Y.2d 470, 474, 477, 718 N.Y.S.2d 704, 706, 708 (2000) (discussing former status report); Matter of Carter v. Evans, 81 A.D.3d 1031, 916 N.Y.S.2d 291 (3d Dept.) (presentence investigation report), lv. denied, 16 N.Y.3d 712, 923 N.Y.S.2d 416 (2011); see also Billiteri v. United States Bd. of Parole, 541 F.2d 938, 944-945 (2d Cir. 1976). To the extent Appellant contends the Board relied on erroneous information in the pre-sentence report, this is not the proper forum to raise the issue. Any challenge to the pre-sentence report must be made to the original sentencing court. Matter of Delrosario v. Stanford, 140 A.D.3d 1515, 34 N.Y.S.3d 696 (3d Dept. 2016); Matter of Wisniewski v. Michalski., 114 A.D.3d 1188, 979 N.Y.S.2d 745 (4th Dept. 2014); Matter of Vigliotti v. State, 98 A.D.3d 789, 950 N.Y.S.2d 619 (3d Dept. 2012). The Board is mandated to consider the report and is entitled to rely on the information contained in the report. Executive Law § 259-i(2)(c)(A); 9 N.Y.C.R.R. § 8002.2(d)(7); Matter of Carter v. Evans, 81 A.D.3d 1031, 1031, 916 N.Y.S.2d 291, 293 (3d Dept.), lv. denied, 16 N.Y.3d 712, 923 N.Y.S.2d 416 (2011).

The Board did not confuse prior criminal convictions with YO adjudications.

And while the Board did not possess the sentencing minutes despite a diligent effort to obtain them, the Appeals Unit has been able to obtain them since his appearance before the Board. A review of those minutes reveals the court made no recommendation with respect to parole. Accordingly, any error in failing to consider them is harmless and does not provide a basis for setting aside the appealed from decision. Matter of Almonte v. New York State Bd. of Parole, 145 A.D.3d 1307, 42 N.Y.S.3d 691 (3d Dept. 2016), lv. denied, 29 N.Y.3d 905 (2017); Matter of Davis v. Lemons, 73 A.D.3d 1354, 899 N.Y.S.2d 919 (3d Dept. 2010); Matter of Valerio v. New York State Div. of Parole, 59 A.D.3d 802, 872 N.Y.S.2d 606 (3d Dept. 2009).

The Board provided its statutory rationale for denying parole. Matter of Murray v. Evans, 83 A.D.3d 1320, 920 N.Y.S.2d 745 (3d Dept. 2011) (Board provided adequate statutory rationale).

The Board's decision satisfied the criteria set out in Executive Law § 259-i(2)(a), as it was sufficiently detailed to inform the incarcerated individual of the reasons for the denial of parole. Matter of Applegate v. New York State Bd. of Parole, 164 A.D.3d 996, 997, 82 N.Y.S.3d 240 (3d

STATE OF NEW YORK – BOARD OF PAROLE

## *APPEALS UNIT FINDINGS & RECOMMENDATION*

**Name:** Mccray, Joseph **DIN:** 17-A-1509

**Facility:** Orleans CF **AC No.:** 09-101-22 B

**Findings:** (Page 4 of 5)

Dept. 2018); Matter of Kozlowski v. New York State Bd. of Parole, 108 A.D.3d 435, 968 N.Y.S.2d 87 (1st Dept. 2013); Matter of Little v. Travis, 15 A.D.3d 698, 788 N.Y.S.2d 628 (3d Dept. 2005); Matter of Davis v. Travis, 292 A.D.2d 742, 739 N.Y.S.2d 300 (3d Dept. 2002); People ex rel. Herbert v. New York State Bd. of Parole, 97 A.D.2d 128, 468 N.Y.S.2d 881 (1st Dept. 1983).

"'Arbitrary action is without sound basis in reason and is generally taken without regard to the facts'; or, put differently, '*[r]ationality is what is reviewed under . . . the arbitrary and capricious standard.*'" Hamilton v. New York State Division of Parole, 119 A.D.3d 1268, 1270 n.1, 990 N.Y.S.2d 714, 716 (3d Dept. 2014) (quoting Matter of Pell v. Board of Educ., 34 N.Y.2d 222, 231, 356 N.Y.S.2d 833, 839 (1974)).

The petitioner has failed to demonstrate the Board's decision was not made in accordance with the pertinent statutory requirements or was irrational "bordering on impropriety." Matter of Silmon v. Travis, 95 N.Y.2d 470, 476, 718 N.Y.S.2d 704 (2000) (quoting Matter of Russo v. New York State Bd. of Parole, 50 N.Y.2d 69, 427 N.Y.S.2d 982 (1980)).

In the absence of a convincing demonstration that the Board did not consider the statutory factors, it must be presumed that the Board fulfilled its duty. Matter of Fuchino v. Herbert, 255 A.D.2d 914, 914, 680 N.Y.S.2d 389, 390 (4th Dept. 1998); Matter of McLain v. New York State Div. of Parole, 204 A.D.2d 456, 611 N.Y.S.2d 629 (2d Dept. 1994); Matter of McKee v. New York State Bd. of Parole, 157 A.D.2d 944, 945, 550 N.Y.S.2d 204, 205 (3d Dept. 1990); People ex rel. Herbert, 97 A.D.2d 128, 468 N.Y.S.2d 881.

Appellant's claim that the Board failed to comply with the 2011 amendments to the Executive Law is rejected. Dolan v New York State Board of Parole, 122 A.D.3d 1058, 995 N.Y.S.2d 850 (3d Dept. 2014); Tran v Evans, 126 A.D.3d 1196, 3 N.Y.S.3d 633 (3d Dept. 2015); Boccadisi v Stanford, 133 A.D.3d 1169, 20 N.Y.S.3d 477 (3d Dept. 2015).

Claims that the Executive Law amendments create objective and evidence based procedures, which creates a liberty interest, are incorrect. Franza v Stanford, 2019 WL 452052 (S.D.N.Y. 2019).

The Board is not required to give the COMPAS and case plan greater weight than the other statutory factors. Matter of Gonzalvo v. Stanford, 153 A.D.3d 1021, 56 N.Y.S.3d 896 (3d Dept. 2017); accord Matter of Lewis v. Stanford, 153 A.D.3d 1478, 59 N.Y.S.3d 726 (3d Dept. 2017). The Board still is entitled to place greater emphasis on the instant offense. See Matter of Montane v. Evans, 116 A.D.3d 197, 203, 981 N.Y.S.2d 866, 871 (3d Dept. 2014); see also Matter of Gonzalvo v. Stanford, 153 A.D.3d 1021, 56 N.Y.S.3d 896 (3d Dept. 2017); Matter of Lewis v. Stanford, 153 A.D.3d 1478, 59 N.Y.S.3d 726 (3d Dept. 2017).

**JOSEPH MCCRAY**
919 WALNUT AVENUE
NIAGARA FALLS, N.Y. 14301

**December 8, 2024**

**United States District Court**
**Western District of New York**
**Rochester, New York** 14614

Re: Civil Rights Complaint

Dear Pro-Se Clerk:

I am the Plaintiff in this action. Enclosed there is one original, and a copy. Please Kindly file Please kindly file, stamp the copy and return the same to the plaintiff. Also enclosed is an application for poor person status . I thank you in advance. In the event there is a problem, feel free to contact me at (716) 804-2351

Respectfully,

Joseph McCray

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Joseph McCray

**(b)** County of Residence of First Listed Plaintiff ____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**
Commissioner Marc Coppola et al

County of Residence of First Listed Defendant ____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $100,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE Sinatra DOCKET NUMBER 20 cv 1037 20 cv 1584

DATE 12/11/24

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE Sinatra MAG. JUDGE ____

Joseph McCray
919 Walnut Ave
Niagara Falls, N.Y.
14301

USA Equality FOREVER
USA Freedom FOREVER
USA Liberty FOREVER
USA Justice FOREVER
USA Freedom FOREVER
USA Liberty FOREVER

DEC - 9 2024
DEC - 9 2024
DEC - 9 2024
DEC - 9 2024

United States District Court
Western District of New York
100 State Street
Rochester, New York
14614

Pro-Se unit
Clerk